## Ellis v. Drucker et al.

*William J. Leon*, for plaintiff.
*Spiegel & Belber*, for defendants.

PARRY, J., March 23, 1938.—Preliminary objections to a bill in equity.

Though other persons were involved in the transaction set forth in the bill of complaint, the plaintiff now stands in their places by virtue of various assignments and transfers and is the only one to whom reference need be made in reciting the facts. She purchased from Bernard Drucker, acting as agent for his father, Nathan Drucker, the good will, stock, and fixtures of a grocery business located at 316 East Howell Street, Philadelphia, paying $2300 for the good will and fixtures and the inventory

values for the stock. In the written contract of sale the seller agreed to obtain a transferable lease on the premises for the buyer at $65 a month for five years and agreed not to enter into a similar business within five city blocks during that time. Subsequently the buyer was furnished with a lease as specified from Nathan Drucker, registered owner of the premises 316 East Howell Street, which were subject to the liens of two mortgages. Entering into possession on or about October 21, 1936, the plaintiff conducted the business on the premises and regularly paid the monthly rental, but at some time after the sale a default occurred in the payment of interest due on the first mortgage with the result that it was foreclosed in July 1937. The purchaser at the sheriff's sale refused to recognize the plaintiff's lease and ultimately served her with notice to vacate on or before January 1, 1938.

Alleging that the default in the payment of interest on the mortgage constituted fraud whereby she lost the advantage of conducting her business in the place where its good will had become established the plaintiff prays that the sum of $2300 paid for the fixtures and good will be declared impressed with a trust for her benefit and that the defendants be ordered to pay over that sum to her together with the interest, income, and profits thereon.

These facts set forth an infraction of the plaintiff's right of quiet enjoyment under the lease for which she is probably entitled to damages in a court of law but they do not present a case for equitable relief. The failure to pay the interest due on the mortgage, if it can be termed fraudulent at all, at least occurred after the transaction of sale was complete and it supplies no foundation for declaring the proceeds of such sale impressed with a trust.

We may add that liability on the part of Bernard Drucker is doubtful for he apparently acted only as agent, but as the bill alleges him to have been the real owner of the demised premises though his father was registered owner the plaintiff may be able to show at least partial responsibility on his part for the loss of her lease.

In consideration of the foregoing this cause is hereby certified to the law side of the court at the cost of the plaintiff.